UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHAIMA HASHMAT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18 CV 1631 RWS |
| | ) |
| ANDREW SAUL,[1] | ) |
| Commissioner, | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

Plaintiff Hashmat brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner's decision denying her applications for Disability Insurance Benefits (DIB) under Title II, 42 U.S.C. §§ 401 *et seq*., and Supplemental Security Income (SSI) under Title XVI, 42 U.S.C. §§ 1381 *et seq.*[2] Because the Commissioner's decision is supported by substantial evidence from the record, I will affirm the decision.

---

[1] Andrew M. Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). See also 42 U.S.C. § 405(g) (stating that action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

## I. Procedural History

On December 3, 2013, Hashmat filed applications for DIB and SSI benefits under 42 U.S.C. §§401 *et seq.* and 42 U.S.C. §§1381 *et seq.* Her claims were initially denied on June 19, 2014. She then filed a timely request for hearing on July 8, 2014. After the hearing, the ALJ issued an unfavorable decision on July 22, 2016. Hashmat then filed a request for review on August 29, 2016. After their review, the Appeals Counsel remanded the case to the ALJ for further proceedings.

The remand hearing was held in January 2018 and the ALJ issued a non-favorable decision on March 8, 2018. The plaintiff promptly requested review, which was denied on July 31, 2018. In denying the plaintiff's request for review, the decision of the ALJ became a final agency decision ripe for judicial review. The plaintiff filed this suit challenging the ALJ's decision on September 26, 2018.

In this case, she claims that the ALJ erred by not affording the proper weight to the opinion of her treating physician. Hashmat requests that I reverse the Commissioner's final decision and remand the matter for further consideration.

## II. Statement of Facts

With respect to the medical records and other evidence of record, I adopt Hashmat's recitation of facts set forth in her Statement of Uncontroverted Material

Facts [ECF No. 18-1] to the extent they are admitted by the Commissioner [ECF No. 23-1].[3] I also adopt the additional facts set forth in the Commissioner's Statement of Additional Facts [ECF No. 23-2], as they are unrefuted by Hashmat. Additional specific facts will be discussed as needed to address the parties' arguments.

## III.  Legal Standards

To be entitled to disability benefits, a claimant must prove that she is unable to perform any substantial gainful activity due to a medically-determinable physical or mental impairment that would either result in death or which has lasted or could be expected to last for at least twelve continuous months. 42 U.S.C. §§ 423(a)(1)(D), (d)(1)(a). To determine whether claimants are disabled, the Commissioner evaluates their claims through five sequential steps. 20. C.F.R. § 404.1520; Pate-Fires v. Astrue, 564 F.3d 935, 942 (8th Cir. 2009) (describing the five-step process).

Steps one through three require that the claimant prove (1) she is not currently engaged in substantial gainful activity, (2) she suffers from a severe impairment, and (3) her disability meets or equals a listed impairment. 20 C.F.R. §

---

[3] The Commissioner makes a number of clarifications regarding the plaintiff's failure to comply with her doctor's treatment recommendations and her ability to communicate in English.

404.1520(a)(4)(i)-(iii). If the claimant does not suffer from a listed impairment or its equivalent, the Commissioner's analysis proceeds to steps four and five. Step four requires the Commissioner to consider whether the claimant retains the residual functional capacity to perform her past relevant work (PRW). Id. at § 404.1520(a)(4)(iv). The claimant bears the burden of demonstrating she is no longer able to return to her PRW. Pate-Fires, 564 F.3d at 942. If the Commissioner determines the claimant cannot return to her PRW, the burden shifts to the Commissioner at step five to show the claimant retains the residual functioning capacity to perform other jobs that exist in significant numbers in the national economy. Id.; 20 C.F.R. § 404.1520(a)(4)(v).

In reviewing the ALJ's denial of Social Security disability benefits, my role is to determine whether the Commissioner's findings comply with the relevant legal requirements and are supported by substantial evidence in the record as a whole. Pate-Fires, 564 F.3d at 942. "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." Id. In determining whether the evidence is substantial, I must consider evidence that both supports and detracts from the Commissioner's decision. Id. As long as substantial evidence supports the decision, I may not reverse it merely because substantial evidence exists in the

4

record that would support a contrary outcome or because I would have come to a different conclusion. See Johnson v. Astrue, 628 F.3d 991, 992 (8th Cir. 2011). I must "defer heavily to the findings and conclusions of the Social Security Administration." Hurd v. Astrue, 621 F.3d 734, 738 (8th Cir. 2010) (internal citation omitted).

## IV. ALJ's Decision

In his initial decision the ALJ determined that the plaintiff was not under a disability from December 31, 2010 through July 27, 2016. Hashmat appealed the ALJ's determination. The Appeals Council remanded noting that the ALJ had incorrectly found that Hashmat's past work as a housekeeper satisfied the earnings requirement for past relevant work; incorrectly indicated that she could communicate in English; and did not define "close interactions with the general public" when accessing her residual functional capacity. [Tr. 12].

On remand, the ALJ corrects the errors identified by the Appeals Counsel by clearly explaining how he determined that Hashmat's past work as a housekeeper met the earnings requirement, indicating in more detail how the record supports a finding that the plaintiff can communicate in English, and by defining "close interactions with the general public. Once again, the ALJ determined that the plaintiff did not suffer under a disability during the relevant period.

5

More specifically, the ALJ found that the plaintiff met the insured status requirements of the Social Security Act through June 30, 2012. [Tr. 14]. The ALJ then found at step one of his analysis that Hashmat had not participated in substantial gainful activity (SGA) since December 31, 2010. [Tr. 14]. In step two of his analysis, the ALJ then determined Hashmat suffered severe impairments from anxiety related disorder and major depressive disorder. [Tr. 14]. However, at step three the ALJ determined that those impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. [Tr. 15]. As a result, the ALJ continued to steps four and five of the analysis. The ALJ found that Hashmat retained the residual functional capacity to perform a full range of work at all exertional levels, but with several non-exertional limitations, including simple, routine, repetitive tasks; no close interactions with the public; and avoid working at unprotected and dangerous heights. [Tr. 112]. Finally, the ALJ went on to find that Hashmat was capable of performing her past relevant work as a housekeeper, as well as other jobs existing in the national economy. [Tr. 120]. Ultimately the ALJ determined that Hashmat had not been under a disability from December 31, 2010 through March 13, 2018. [Tr. 26].

## V. Discussion

In this action for judicial review, Plaintiff contends that the ALJ's decision was not supported by substantial evidence, because the ALJ did not afford proper weight to her treating physician's opinion.

When evaluating opinion evidence, an ALJ is required to explain in his decision the weight he gives to any opinions from treating sources, non-treating sources, and non-examining sources. See 20 C.F.R. § 404.1527(e)(2)(ii). The Regulations generally require that the ALJ give more weight to the opinions of treating physicians than other sources. 20 C.F.R. § 404.1527(c)(2). A treating physician's assessment of the nature and severity of a claimant's impairments should be given controlling weight if the opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. Id.; see also Forehand v. Barnhart, 364 F.3d 984, 986 (8th Cir. 2004). This is because a treating physician is

> likely to be the medical professional[] most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

20 C.F.R. § 404.1527(c)(2).

When a treating physician's opinion is not given controlling weight, the Commissioner must look to various factors in determining what weight to accord that and any other medical opinion of record, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, whether the physician provides support for his findings, whether other evidence in the record is consistent with the physician's findings, and the physician's area of specialty. See 20 C.F.R. § 404.1527(c). Inconsistency with other substantial evidence alone is a sufficient basis upon which an ALJ may discount a treating physician's opinion. See Goff v. Barnhart, 421 F.3d 785, 790-91 (8th Cir. 2005) and Wildman v. Astrue, 596 F. 3d 959, 964 (8th Cir. 2010).

Hashmat asserts that the ALJ erred by giving "no weight" to the opinion of her treating physician, Dr. Doucette [ECF No. 18, 3]. Specifically, the plaintiff argues the ALJ mischaracterized Dr. Doucette's treatment notes and medical findings. [ECF No. 18, 3-4]. Additionally, the plaintiff argues the ALJ did not provide enough information about why he found Dr. Doucette's course of treatment was not consistent with treatment of someone who is truly disabled. [ECF No. 18, 4-5].

The ALJ's written opinion explains the substantial evidence on which he relied in discounting Dr. Doucette's opinion. The ALJ explains that he gave no

weight to Dr. Doucette's medical opinion because (1) the limitations described in her opinion were not supported by her treating notes, (2) aside from a general depressive mood and sleep problems, the symptoms discussed in the opinion were not detailed in the treatment notes, (3) the course of treatment did not match the level of severity described in her opinion, and (4) Dr. Doucette specifically stated in her treatment notes that she would not consider the plaintiff disabled until she tried medication and counselling and got a psychiatric consultation. [Tr. 24]. These reasons are consistent with the requirements of 20 C.F.R. § 404.1527(c), and the opinion and administrative record contain substantial support for each of these findings.

First Dr. Doucette's opinion provides limited details about how she arrived at her conclusions or the medical and laboratory findings supporting them. [Tr. 564-70]. Additionally, the opinion is inconsistent with statements in Dr. Doucette's treating notes. For example, Dr. Doucette stated in notes from Hashmat's visit on January 25, 2016, that Hashmat suffers from major depression and "[s]ymptoms do not include loss of interest, depressed mood, poor sleep, or irritability," which does not match her opinion indicating the Plaintiff has sleep disturbances, emotional withdrawal, and mood disturbances. Similarly, in Dr. Doucette's notes from

Hashmat's October 2, 2015 appointment, she describes Hashmat's mood and affect as normal. [Tr. 580].

The ALJ also discounted Dr. Doucette's opinion because the course of treatment proscribed for Hashmat did not track what the ALJ would consider standard treatment for someone with a disability. As Dr. Doucette told the plaintiff during her February 25, 2015, exam, the plaintiff would need to see a psychiatric specialist and consider medication to be considered disabled. [Tr. 594]. Although Dr. Doucette recommended counselors and other medical specialists to the Plaintiff, she did not seek treatment. Despite this refusal, Dr. Doucette's treatment notes do not indicate a deterioration in the plaintiff's condition or a shift in treatment approach to address the plaintiff's mental health issues.

Eventually, as part of the Social Security Proceeding the plaintiff was evaluated by a specialist, Dr. Leonberger, who is a clinical psychologist. His examine report supports Dr. Doucette's diagnosis of depression and anxiety. But, his analysis of Hashmat's functional limitations provides a very different picture than the one painted by Dr. Doucette in her opinion.

Although Hashmat points to evidence that detracts from the ALJ's decision regarding the weight given to Dr. Douchette's opinion, I cannot reverse the determination simply because I "would have reached a different conclusion than

[the Commissioner] or because substantial evidence supports a contrary conclusion." See Igo v. Colvin, 839 F.3d 724, 728 (8th Cir. 2016) (citing Blackburn v. Colvin, 761 F.3d 853, 858 (8th Cir. 2014)); Goff, 421 F.3d at 789 ("If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [Commissioner's] findings, the court must affirm the [Commissioner's] decision." (citing Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001))). "Even if [I] would have weighed the evidence differently, [I] must affirm the denial of benefits if there is enough evidence to support the other side." Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001) (citing Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir.1992))).

Since the ALJ supported his finding that Dr. Doucette's opinion was inconsistent with the record as a whole with substantial evidence, I must affirm the denial of benefits. See Julin v. Colvin, 826 F.3d 1082, 1088 (8th Cir. 2016) (opinions of treating physicians may be given limited weight if they are inconsistent with the record) (citing Papesh v. Colvin, 786 F.3d 1126, 1132 (8th Cir. 2015)); Cline v. Colvin, 771 F.3d 1098, 1103 (8th Cir. 2014) (affirming a decision in which the ALJ gave little weight to treating physician's opinion that

was inconsistent with treatment records and objective medical evidence, and that was not supported by physician's own exams and test results).

## VI. Conclusion

The ALJ's determination that Plaintiff is not disabled is supported by substantial evidence. The ALJ's written decision is clear, well-reasoned, and complies with the relevant laws and regulations.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is affirmed.

A separate judgment order will be issued herewith.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 24th day of October 2019.